### 39842. BONNER et al. v. FRAZIER.

BELL, Judge. Plaintiff brought a distress warrant for recovery of rental for a vacant lot upon which the defendants had placed their trailer. The marshal levied upon the trailer as the property of the defendants where it was found upon the plaintiff's premises. The defendants' counter-affidavit de-

nied that the landlord-tenant relationship existed between the parties. Following the trial without the intervention of a jury, the judge entered judgment against the defendants in the amount prayed for with costs. The defendants appealed to the Appellate Division of the Civil Court of Fulton County from the denial of an oral motion for new trial which was overruled by the trial court. The appellate division affirmed the trial court to which ruling the defendants excepted.

The sole contention of the defendants is that the relationship of landlord and tenant did not exist between the parties but instead the defendants' trailer was bailed to the plaintiff to be kept upon her land. While the plaintiff testified at one point in the trial that the defendant was to pay her $20 per month to "watch after his trailer on to my property," in numerous other places throughout the evidence, there appears testimony that the defendants were to pay $20 a month for rental of the premises for the purpose of parking the trailer thereon. While this evidence was countered by the defendants' testimony that the plaintiff said: "We won't charge you any rent whatsoever," this merely created a conflict which was for the trier of the fact to resolve, which he resolved against the defendants. The evidence supported the judgment.

*Judgment affirmed. Carlisle, P. J., and Hall, J., concur.*

DECIDED JANUARY 31, 1963.

*Sidney Lanier,* for plaintiffs in error.
*Joan Larsen,* contra.